## STATE ex JONES v GORMAN

Ohio Appeals, 1st Dist, Hamilton Co

No 4895. Decided June 24, 1935·

George S. Hawke, Cincinnati, for relator.

## OPINION

By ROSS, PJ.

This was an action to construe a will. The court upon a hearing upon the merits could only find either that the will required no construction or proceed to construe it. Such action only could be a final determination of the case. The relator states in the entry presented—that the court finds "the allegations of the petition are confessed by her to be true." How can a mere default for answer by one defendant result in a final determination of the cause? Such confession does not construe the will or find that construction is not necessary. Obviously the entry presented was improper. The prayer is to have a judgment similar to that presented entered by the court.

If the petition is demurrable, this defect may be raised at any time. The entry made by the court is not a final judgment against the relator, and until such a final judgment is entered, she can not have her right to bring proceedings in error in anyway jeopardized. When a final order is made in the case, she will have an adequate remedy at law by proceedings in error.

It is apparent that the purpose of this proceeding is to permit the relator to try out before this court the sufficiency of the petition. In order to do this, it is necessary that a final entry be made. The nature of the action in the Common Pleas Court prevents the making of such an entry at this time.

The writ must be denied.

MATTHEWS and HAMILTON, JJ, concur.